The Honorable Dale Tooley District Attorney Second Judicial District West Side Court Building 924 West Colfax Denver, Colorado 80204
Dear Mr. Tooley:
This opinion letter is in response to your August 14, 1979 letter in which you inquired as to whether the time off for good behavior to which inmates are entitled under the Gorsuch Bill effectively halves the sentences imposed upon such inmates or whether this bill is more properly interpreted as merely reducing such sentences by one-third.
QUESTIONS PRESENTED AND CONCLUSIONS
Your request for an attorney general's opinion presents the following questions:
1. Does the Gorsuch Bill, H.B. 1589, codified as C.R.S. 1973,17-22.5-101 (1980 Supp.) entitle inmates to good time credits which potentially reduce their sentences by one-half, or do these good time credits merely reduce sentences by one-third?
 My conclusion is that the aforementioned good time credits can potentially halve the determinate sentences imposed upon offenders under the Gorsuch Bill.
2. Does the chart attached to your opinion request accurately reflect the manner in which these credits are applied?
 My conclusion is that your attached chart or computation schedule is correct as applied to good time credits.
ANALYSIS
After carefully reviewing your request and the pertinent sections of H.B. 1589, the legislative intent is clear that the good time credit provisions permit the deduction of one day of credit against an inmate's determinant sentence for each day served in the facility in the Department of Corrections. The credit deduction is, therefore, one-half and not one-third from the sentence.
Our attached computation schedule is correct in terms of actual time an inmate will have to serve barring of loss of good time for disciplinary offenses, however, the earned time that an inmate may accrue immediately prior to his release on parole must, nevertheless, be credited against his sentence. This is so because in the event his parole is revoked the accrued earned time during the 6-month period prior to release will work to reduce the amount of remaining time he must serve under the one year parole period of his sentence.
SUMMARY
Under H.B. 1589, L. 79, p. 668, section 14, also known as the Gorsuch Bill and codified as C.R.S. 1973, 17-22.5-101, convicted prisoners are entitled to a deduction of one day from their determinant sentence for every day of good behavior served in a Department of Corrections facility. When afforded all possible time off for good behavior, a prisoner given a determinate sentence under the Gorsuch Bill is entitled to have that sentence cut in half.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORRECTIONAL FACILITIES CORRECTIONS INMATES PRISONERS SENTENCE AND SENTENCING
C.R.S. 1973, 17-22.5-101
C.R.S. 1973, 17-22.5-102
C.R.S. 1973, 17-22.5-103
DISTRICT ATTORNEYS DEPT. Denver DA CORRECTIONS, DEPT. OF
Under H.B. 1589, L. 79, p. 668, section 14, also known as the Gorsuch Bill, convicted prisoners are entitled to a deduction of one day from their determinate sentence for every day of good behavior served in a Department of Corrections facility.